1

2

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

ARTHUR CARR,

11

    Plaintiff,      No. 2:09-cv-0826 GEB KJN P

12

  vs.

13

CALIFORNIA DEPARTMENT OF

14

CORRECTIONS, et al.,

15

    Defendants.    <u>ORDER</u>

16

_____/

17

    Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with

18

a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's April 28, 2010 second

19

amended complaint is before the court.

20

    Rather than submit one complete second amended complaint, it appears plaintiff

21

has attempted to supplement earlier complaints and amended complaints.  Plaintiff is advised

22

that leave of court was not granted to supplement his complaint.  All complaints must be

23

complete in and of themselves.  Moreover, plaintiff's second amended complaint was not signed

24

by plaintiff.  Rule 11 of the Federal Rules of Civil Procedure requires signatures on pleadings.

25

<u>Id</u>.  Accordingly, plaintiff's April 28, 2010 second amended complaint will be dismissed and

26

plaintiff will be provided one final opportunity in which to file a third amended complaint that

1

1  contains all of plaintiff's allegations and requests for relief in one document.  Plaintiff is

2  cautioned that failure to comply with this order will result in a recommendation that this action

3  be dismissed.  Defendants are relieved of their obligation to file an amended answer or other

4  response pending screening of the third amended complaint.

5           Plaintiff is hereby informed that the court cannot refer to a prior pleading in order

6  to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

7  complaint be complete in itself without reference to any prior pleading.  This requirement exists

8  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

9  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

10  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

11  original complaint, each claim and the involvement of each defendant must be sufficiently

12  alleged.  Plaintiff shall sign any third amended complaint submitted for filing herein.  Fed. R.

13  Civ. P. 11.

14           Because plaintiff has been granted leave to file a third amended complaint, the

15  discovery deadline of May 28, 2010 and the pretrial motions filing deadline of August 20, 2010,

16  contained in the February 24, 2010 scheduling order, will be vacated.  A revised scheduling order

17  will issue once defendants have responded to the third amended complaint.

18           Plaintiff has filed numerous discovery motions which this court will now address:

19           1.  May 17, 2010 Motion to Compel Compliance with Subpoena Duces Tecum

20           On May 17, 2010, plaintiff filed a motion to compel production of documents and

21  things from a non-party.  However, it appears some of the documents sought by plaintiff were

22  subsequently provided by defendants through discovery, i.e. copies of the pertinent photographs.

23  (Dkt. 47 at 5-6, Ex. A.)  Moreover, in light of the orders that follow, it appears plaintiff may

24  receive additional discovery, and the court will be seeking affidavits from plaintiff's potential

25  witnesses by separate order.  In addition, some of plaintiff's requests contained within the

26  subpoena duces tecum suffer from the same defects addressed in plaintiff's May 26, 2010 motion

to compel further production of documents from defendants.  (See ¶2, at 3, below.)  Accordingly,

plaintiff's motion to compel compliance with the subpoena duces tecum directed to nonparty will

be denied without prejudice.  (Dkt. No. 39.)

On May 21, plaintiff filed an application for issuance of subpoena duces tecum

based on plaintiff's motion to compel filed May 17, 2010.  In light of the ruling on that motion,

as well as the court's instant ruling on the May 26, 2010 motion to compel production of

documents, plaintiff's May 21, 2010 application will be denied without prejudice.  (Dkt. No. 41.)

2.  May 26, 2010 Motion to Compel Production of Documents

Plaintiff seeks an order compelling defendants to provide all documents

responsive to requests one through four and six through eight.

> Request No. 1:  Any and all documents related to training of
> Defendants within the meaning of California Code of Regulations,
> Article 4, Section 3300 (CCR), including but not limited to types
> of training, the time of completion, and format of the directives, is
> relevant to the allegation in the complaint, at paragraphs 15 and 40,
> . . . .

(Mot. at 2-3.)  Defendants objected on the grounds the request was overly broad and irrelevant.

Defendants' objections are well-taken.  Despite plaintiff's contention that "[i]n

plaintiff's demand at page 3, he gave notice to defendants that each request specifically related to

the incident as pleaded in his Complaint, filed on March 25, 2009" (Mot. at 3), plaintiff failed to

identify the specific training for which he was seeking documents.  Defendants' objections are

sustained, and plaintiff's motion to compel further response to this request will be denied.

> Request No. 2:  Any and all reports by Solano personnel to the
> occurrence of the incident, including but not limited to
> investigative reports, incident reports and supplements thereto, is
> relevant to the subject matter as alleged in the complaint at
> paragraph's 14, 26, 37, 38 and 39, . . . .

(Mot. at 3.)  Defendants objected on the grounds that it invaded the privacy rights of other

inmates, are deemed confidential under Cal. Code Reg., tit. 15, § 3370(d), and are subject to a

qualified privilege as official information.  (Opp'n at 3.)  Despite these objections, defendants

1    provided plaintiff with two administrative segregation unit placements and a medical report of

2    injury or unusual occurrence for plaintiff, a staff report by defendant Solarzano relating to the

3    incident in question, and a staff report by Her relating to the incident in question.  (Id.)

4           Defendants maintain they have produced all documents within their possession,

5    custody or control to plaintiff.  Plaintiff has not identified any other documents he seeks

6    responsive to this request.  Accordingly, plaintiff's motion to compel further response to Request

7    No. 2 will be denied.

8           Request No. 3:  Any and all transcripts or minute orders related to
            the occurrence of the incident, is relevant to the subject matter as
9           alleged in the complaint at paragraph's 36, 37 and 38, . . . .

10   (Mot. at 4.)  Defendants responded that they have no such document in their possession, custody

11   or control.  Plaintiff claims inmates Sprague and Carroll were removed from administrative

12   segregation and taken out to court to answer for criminal charges related to the March 10, 2008

13   incident on plaintiff.  (Id.)  Defendants counter that the request fails to identify same.

14   Defendants' objection is well-taken.  However, good cause appearing, defendants will be

15   required to provide plaintiff with the criminal case numbers, and court's name and address,

16   where inmates Sprague and Carroll were charged with any criminal charges related to the March

17   10, 2008 incident so that plaintiff may seek records directly from that court, as it may lead to

18   relevant evidence herein.  If no criminal charges were levied against either Sprague or Carroll,

19   defendants shall provide a declaration stating same.  Thus, plaintiff's motion to compel further

20   response to Request No. 3 will be partially granted.

21          Request No. 4:  Any and all statements, in any form, of persons
            who witnessed or claim to have witnessed the incident, and/or the
22          events immediately prior to or subsequent to the incident. . . .

23   (Mot. at 4.)  Defendants objected on the grounds that it invaded the privacy rights of other

24   inmates, the documents are deemed confidential, or are subject to a qualified privilege as official

25   information.  Despite their objections, defendants provided plaintiff with "two administrative

26   segregation unit placements and a medical report of injury or unusual occurrence for Inmate Carr;

1  a staff report by Solorzano; and a staff report by Her," which defendants claim are all responsive

2  documents in their possession, custody or control.  However, defendants also claim they have

3  provided plaintiff with all "non-confidential responsive documents" in their possession, custody

4  or control.  (Opp'n at 4.)

5         Plaintiff seeks statements by witnesses to the March 10, 2008 incident.  Such

6  witness statements are directly relevant to plaintiff's claims herein and are subject to production

7  despite defendants' objections.  Plaintiff's motion to compel further production responsive to this

8  request will be granted.

9         If for any reason defendants have a particular statement in their possession,

10  custody or control, but argue it is confidential, defendants shall provide plaintiff, within thirty

11  days from the date of this order, a list of each statement, identify the person making the

12  statement, and shall produce each statement to the court, under seal, for in camera review.

13  Defendants shall explain why each statement is confidential, with supporting legal authority, and

14  explain why plaintiff should not have access to such statement.

15         To the extent defendants are aware of any such statements that are not in their

16  possession, custody or control, defendants shall provide plaintiff, within thirty days from the date

17  of this order, a list of any and all statements, the person making the statement, and shall identify

18  the person or agency who has possession, custody or control of each statement.  If defendants are

19  unaware of any statements other than those previously produced to plaintiff, defendants shall file

20  a declaration attesting to same.

21         Request No. 6:  Any and all reports by law enforcement agencies
        regarding the occurrence of this incident, including, but not limited
22        to investigative reports and supplements thereto, is relevant to the
        subject matter as alleged in the complaint at paragraphs 7 through
23        27 and 36 through 39, that inmates Sprague and Carroll were
        charged with a felony, . . . .
24

25  (Mot. at 5.)  Defendants object on the grounds that it invaded the privacy rights of other inmates,

26  are deemed confidential under Cal. Code Reg., tit. 15, § 3370(d), and are subject to a qualified

1   privilege as official information.  (Opp'n at 5.)  Despite their objections, defendants provided

2   plaintiff with "two administrative segregation unit placements and a medical report of injury or

3   unusual occurrence for Inmate Carr; a staff report by Solorzano; and a staff report by Her," which

4   defendants claim are all responsive documents in their possession, custody or control.  (Id.)

5          Plaintiff contends defendants should provide him with all documents related to the

6   criminal prosecution of Sprague and Carroll because he was a victim in the incident.  (Mot. at 5.)

7   Defendants properly object that these documents are not within their possession, custody or

8   control.  (Opp'n at 5.)

9          However, defendants also state they have provided plaintiff with all "non-

10  confidential responsive documents in their possession, custody, and control."  (Id.)  Defendants

11  have failed to identify the documents not produced or support their position why such documents

12  are confidential.

13         Thus, plaintiff's motion for further production as to Request No. 6 will be

14  partially granted.  If for any reason defendants have documents responsive to Request No. 6 in

15  their possession, custody or control, but argue they are confidential, defendants shall provide

16  plaintiff, within thirty days from the date of this order, a list of each document, identify the

17  author of the document, and shall produce each document to the court, under seal, for in camera

18  review.  Defendants shall explain why each document is confidential, with supporting legal

19  authority, and explain why plaintiff should not have access to such document.

20             Request No. 7:  Any and all photographs related to the occurrence
               of the incident, taken by you or your employers, and/or their
21             investigators which depict the injuries described in the complaint,
               is relevant to the subject matter as alleged in the complaint at
22             paragraph 7 through 27 and 36 through 39, which would show the
               actual injury to plaintiff. . . .  The photos were taken by CSP
23             Solano – Security Squad (Institution Security Unit) (ISU).) . . . .

24  (Mot. at 5.)  Initially, defendants responded that they had no photographs in their possession.

25  However, subsequently defendants received photographs from ISU and provided copies to

26  plaintiff, and aver these photos are all they have in their possession, custody or control.  (Opp'n

at 5-6, Ex. A.)  Plaintiff did not file a reply.  Accordingly, plaintiff's motion to compel further response to Request No. 7 will be denied.

> Request No. 8:  Any notes, documents, letters, memoranda, files, records, record books, logs, grievance reports or written communications concerning complaints made against defendants while employed at the California Department of Corrections and Rehabilitation, is relevant to the subject matter as alleged in paragraphs 7 through 27 and 36 through 39, that will show 1. a lack of training, 2. other statements and/or opinions related to the facts of the occurrence of the incident, and 3. other complaints made against the officers/defendants related to their trustworthiness, propensity to lie, and past performances in situations the same or similar as to the occurrence on March 10, 2008, in Building 8, sometime after 2:00 p.m.

(Mot. at 6.)  Defendants object that plaintiff's request is overly broad as to time and nature of the complaints, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  (Opp'n at 6.)  Despite their objections, defendants limited the time frame to a period of five years and responded that there were no responsive documents in their possession, custody or control.

Plaintiff argues that he was seeking information from defendants' personnel files to find similar complaints lodged against them.  (Mot. at 6.)  Defendants renew their objections set forth above.  However, defendants "engaged in a reasonable and diligent search for any responsive information within the last five years, and were unable to locate any."  (Opp'n at 6.)  Plaintiff failed to file a reply.  Accordingly, plaintiff's motion to compel further response to Request No. 8 will be denied.

3. May 28, 2010 Application for Issuance of Subpoena Duces Tecum

On May 28, 2010, plaintiff filed an application for issuance of subpoena duces tecum.  Plaintiff recounts his failed efforts to gain authorization to correspond with potential inmate witnesses and seeks a subpoena duces tecum to obtain these witnesses' affidavits to ascertain whether they are willing to testify at trial.  Plaintiff's request for a subpoena duces tecum will be denied.  However, the court will, by separate order, require these witnesses to

inform the court whether or not they are willing to testify voluntarily.  Plaintiff's May 28, 2010 application will be denied.

                    4.  <u>June 1, 2010 Motion to Extend Discovery Schedule</u>

        Because the court is sua sponte vacating the discovery and pretrial motions deadlines, plaintiff's motion is moot and will be denied.

        For the foregoing reasons, IT IS HEREBY ORDERED that:

        1.  Plaintiff's second amended complaint is dismissed.

        2.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

                a.  The completed Notice of Amendment; and

                b.  An original and one copy of the Third Amended Complaint. Plaintiff's third amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." The third amended complaint shall be complete in and of itself, without reference to a prior pleading.  Failure to file a third amended complaint in accordance with this order may result in the dismissal of this action.

        3.  Defendants are relieved of their obligation to file an amended answer or other response pending screening of the third amended complaint.

        4.  The discovery deadline of May 28, 2010 and the pretrial motions filing deadline of August 20, 2010 are vacated.  (See February 24, 2010 scheduling order.)  A revised scheduling order will issue once defendants have responded to the third amended complaint.

        5.  Plaintiff's May 17, 2010 and May 21, 2010 motion and application are denied without prejudice.  (Dkt. Nos. 39 & 41.)

        6.  Plaintiff's May 26, 2010 motion to compel discovery (Dkt. No. 44) is granted in part and denied in part, as follows:

1        a.  Denied as to Requests 1, 2, 7 and 8.

2        b.  Plaintiff's motion to compel further response to Request No. 3 is partially granted.  Defendants shall provide plaintiff with the criminal case numbers, and court's name and address, where inmates Sprague and Carroll were charged with any criminal charges related to the March 10, 2008 incident so that plaintiff may seek records directly from that court, as it may lead to relevant evidence herein.  If no criminal charges were levied against either Sprague or Carroll, defendants shall provide a declaration stating same.

        c.  Plaintiff's motion for further production as to Request No. 4 is partially granted.  If for any reason defendants have a particular statement in their possession, custody or control, but argue it is confidential, defendants shall provide plaintiff, within thirty days from the date of this order, a list of each statement, identify the person making the statement, and shall produce each statement to the court, under seal, for in camera review.  Defendants shall explain why each statement is confidential, with supporting legal authority, and explain why plaintiff should not have access to such statement.

        To the extent defendants are aware of any such statements that are not in their possession, custody or control, defendants shall provide plaintiff, within thirty days from the date of this order, a list of any and all statements, the person or agency making the statement, and shall identify the person or agency who has possession, custody or control of each statement.  If defendants are unaware of any statements other than those previously produced to plaintiff, defendants shall file a declaration attesting to same.

        d.  Plaintiff's motion for further production as to Request No. 6 is partially granted.  If defendants have documents responsive to Request No. 6 in their possession, custody or control, but argue it is confidential, defendants shall provide plaintiff, within thirty days from the date of this order, a list of each document, identify the author of the document, and shall produce each document to the court, under seal, for in camera review.  Defendants shall explain

////

why each document is confidential, with supporting legal authority, and explain why plaintiff should not have access to such document.

        7.  Plaintiff's May 28, 2010 application is denied.  (Dkt. No. 45.)

        8.  Plaintiff's June 1, 2010 motion is denied.  (Dkt. No. 46.)

DATED:  June 18, 2010

                                 KENDALL J. NEWMAN
                                 UNITED STATES MAGISTRATE JUDGE

carr0826.dsc

1

2

3

4

5                  IN THE UNITED STATES DISTRICT COURT

6                 FOR THE EASTERN DISTRICT OF CALIFORNIA

7    ARTHUR CARR,

8             Plaintiff,                    No. 2:09-cv-0826 GEB KJN P

9        vs.

10
     CALIFORNIA DEPARTMENT OF
11   CORRECTIONS, et al.,
                                            NOTICE OF AMENDMENT
12            Defendants.

13   _____/

14          Plaintiff hereby submits the following document in compliance with the court's

15   order filed _____:

16              _____        Third Amended Complaint

17   DATED:

18

19                                     _____
                                       Plaintiff
20

21

22

23

24

25

26