IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

      Plaintiff,                      No. 2:09-cv-0826 GEB KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.                ORDER
_____/

         On July 1, 2010, plaintiff filed a request for reconsideration of this court's order filed June 18, 2010, denying in part and granting in part plaintiff's motion to compel further responses to discovery. Plaintiff asks the court to consider his untimely reply because the delay was inadvertent based on his application of the wrong calendaring deadline contained in Local Rule 230. Good cause appearing, plaintiff's request will be granted. The court will reconsider its June 18, 2010 order in light of plaintiff's reply to defendants' opposition to the May 26, 2010 Motion to Compel Production of Documents.

> Request No. 1: Any and all documents related to training of Defendants within the meaning of California Code of Regulations, Article 4, Section 3300 (CCR), including but not limited to types of training, the time of completion, and format of the directives, is relevant to the allegation in the complaint, at paragraphs 15 and 40,
> . . . .

1

(Mot. at 2-3.)

Although plaintiff has now narrowed his request for training materials to "training related to inmate on inmate violence," his initial request did not identify the training materials he sought. Plaintiff argues that defendants should have viewed his request in the context of his complaint, but defendants are not so obligated. Plaintiff's discovery requests must be specific and identify what information plaintiff is seeking. Plaintiff's objections in his reply are overruled. However, because the discovery deadline was vacated by the June 18, 2010 order, plaintiff may submit appropriately tailored discovery requests to seek this information.

> Request No. 3: Any and all transcripts or minute orders related to the occurrence of the incident, is relevant to the subject matter as alleged in the complaint at paragraph's 36, 37 and 38, . . . .

(Mot. at 4.)

Plaintiff contends defendants are attempting to "evade having knowledge of this action against both inmates even while the inmates were escorted to Court on several occasions while in Ad-Seg. at CSP Solano." (Dkt. No. 55 at 16.) However, this court ordered defendants to provide plaintiff with the criminal case numbers, and court's name and address, where inmates Sprague and Carroll were charged with any criminal charges related to the March 10, 2008 incident so that plaintiff may seek records directly from that court. But if no criminal charges were levied against either Sprague or Carroll in connection herewith, defendants were ordered to provide a declaration stating same. Plaintiff's objections are overruled.

> Request No. 4: Any and all statements, in any form, of persons who witnessed or claim to have witnessed the incident, and/or the events immediately prior to or subsequent to the incident. . . .

(Mot. at 4.)

Plaintiff's motion to compel further responses to this request was granted. However, plaintiff contends defendants are attempting to evade providing him statements by Sprague and Carroll based on defendants' view that the criminal case is no longer pending. In the June 18, 2010 order, the court made clear that plaintiff is entitled to receive any statement by

witnesses to the March 10, 2008 incident.  To the extent defendants viewed that order as not including participants Sprague and Carroll, the court will order defendants to turn over any statements by Sprague and Carroll related to the March 10, 2008 incident.  Plaintiff's request for reconsideration is partially granted.

> Request No. 2:  Any and all reports by Solano personnel to the occurrence of the incident, including but not limited to investigative reports, incident reports and supplements thereto, is relevant to the subject matter as alleged in the complaint at paragraph's 14, 26, 37, 38 and 39, . . . .

(Mot. at 3.)

> Request No. 6:  Any and all reports by law enforcement agencies regarding the occurrence of this incident, including, but not limited to investigative reports and supplements thereto, is relevant to the subject matter as alleged in the complaint at paragraphs 7 through 27 and 36 through 39, that inmates Sprague and Carroll were charged with a felony, . . . .

(Mot. at 5.)

> Request No. 7:  Any and all photographs related to the occurrence of the incident, taken by you or your employers, and/or their investigators which depict the injuries described in the complaint, is relevant to the subject matter as alleged in the complaint at paragraph 7 through 27 and 36 through 39, which would show the actual injury to plaintiff. . . .  The photos were taken by CSP Solano – Security Squad (Institution Security Unit) (ISU).) . . . .

(Mot. at 5.)

Plaintiff argues he is prejudiced by defendants' supplemental discovery responses because the discovery deadline has now passed and he is unable to make further inquiries based on the supplemental discovery.  However, as noted above, the discovery deadline was vacated.  Thus, plaintiff was not prejudiced by the supplemental discovery and should seek any supplemental information forthwith.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's July 1, 2010 motion for reconsideration is granted;

////

3

2. Upon reconsideration, the court's ruling on Request No. 4 is modified; defendants shall provide plaintiff with copies of any statements made by Sprague and Carroll related to the March 10, 2008 incident.

3. In all other aspects, this court's June 18, 2010 order stands.

DATED: July 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/carr0826.850