IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

    Plaintiff,                         No. 2:09-cv-0826 GEB KJN P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights action filed pursuant to 42 U.S.C. § 1983. On June 18, 2010, plaintiff filed a document styled "Notice of and Motion Identifying Previously Requested Documents to Be Ordered by Subpoena Duces Tecum." Id. While not entirely clear, it appears plaintiff seeks a court order requiring defendants to identify and "annex" the documents referred to in his May 18, 2010 deposition.

        Rule 30(f)(2) of the Federal Rules of Civil Procedure provides:

> (A) Originals and Copies. Documents and tangible things produced for inspection during a deposition must, on a party's request, be marked for identification and attached to the deposition. Any party may inspect and copy them. But if the person who produced them wants to keep the originals, the person may:

1

     (i) offer copies to be marked, attached to the
     deposition, and then used as originals--after giving
     all parties a fair opportunity to verify the copies by
     comparing them with the originals; or

     (ii) give all parties a fair opportunity to inspect and
     copy the originals after they are marked--in which
     event the originals may be used as if attached to the
     deposition.

     (B) Order Regarding the Originals.  Any party may move for an
     order that the originals be attached to the deposition pending final
     disposition of the case.

Id.

    Accordingly, defendants shall provide the court reporter with the documents and tangible things produced for inspection during plaintiff's deposition, and the court reporter shall attach them to the original deposition.  If plaintiff has already reviewed the deposition transcript pursuant to Fed. R. Civ. P. 30(e), counsel for defendants shall provide an opportunity for plaintiff to review and copy the exhibits to the deposition transcript.  If plaintiff has not yet reviewed the deposition transcript, he shall be provided access to photocopy the annexed exhibits at the time of the transcript review.

    It appears plaintiff also seeks a subpoena duces tecum for inmate witnesses Robert Gallegos, #P-18916, and Leslie Jones, #K-27781, plaintiff does not make clear what documents these witnesses might have.  Thus, the court will deny his request for subpoena duces tecum. However, by separate order, the court will require inmate witness Gallegos to complete and return an affidavit as to his willingness to testify on plaintiff's behalf.  Inmate witness Jones filed his affidavit on June 28, 2010.  In light of this order, plaintiff's July 2, 2010 motion for clarification is moot and will be denied.

    Plaintiff also included declarations by witnesses Terrell Woodard and Kevin Green.  These witnesses have already expressed their willingness to testify on plaintiff's behalf.

(Dkt. Nos. 53 & 54.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 18, 2010 motion is partially granted (Dkt. No. 51).

2. Defendants shall provide the court reporter who transcribed plaintiff's May 18, 2010 deposition with the documents and tangible things produced for inspection during plaintiff's deposition, and the court reporter shall attach them to the original deposition. If plaintiff has already reviewed the deposition transcript pursuant to Fed. R. Civ. P. 30(e), counsel for defendants shall provide an opportunity for plaintiff to review and copy the exhibits to the deposition transcript. If plaintiff has not yet reviewed the deposition transcript, counsel for defendants shall ensure plaintiff is provided access to photocopy the annexed exhibits at the time of the transcript review.

3. Plaintiff's request for a subpoena duces tecum to issue as to inmate witnesses Gallegos and Jones is denied. By separate order, inmate witness Gallegos will be required to complete and return an affidavit as to his willingness to testify on plaintiff's behalf.

4. Plaintiff's July 2, 2010 motion for clarification is denied.

DATED: July 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr0826.sdt