IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

        Plaintiff,                  No. 2:09-cv-0826 GEB KJN P

   vs.

H. HER, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983. Plaintiff has filed a motion for temporary restraining order and/or preliminary injunction concerning restricted access to the law library at Pleasant Valley State Prison, Coalinga, where he is currently housed. Plaintiff seeks an order directing the "State/defendants to permit copying of administrative rules/records and allow sufficient copies to protect the originality of each document/paper duplicated." (Dkt. No. 78 at 5.) On December 3, 2010, defendants filed an opposition. Plaintiff has not filed a reply.

        Plaintiff's motion effectively seeks a temporary restraining order, a preliminary injunction, or both. A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to

the movant before the adverse party can be heard in opposition." See Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See generally, Fed. R. Civ. P. 65; see also, E.D. Cal. L. R. 231(a). It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction,[1] particularly when, as here, the motion has been served on the adverse party.

A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In the instant action, plaintiff's allegations relate to a March 10, 2008 attack while plaintiff was housed at California State Prison - Solano. The defendants named in this action were employed at California State Prison - Solano. Plaintiff seeks injunctive relief against individuals who are not named as defendants in this action. This court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

---

[1] See, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions") (citations omitted).

In addition, plaintiff is presently housed in an institution that is governed by the Fresno Division of the Eastern District Court of California.  If plaintiff wishes to challenge policies governing photocopies at the Pleasant Valley State Prison law library, plaintiff would be better served by filing a new civil rights complaint in the Fresno Division against defendants who plaintiff alleges are presently violating his constitutional rights.

An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v. Smith, 430 U.S. 817, 820-21 (1977).  A prisoner claiming that his right of access to the courts has been violated must show that:  1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded.  To prevail, however, it is not enough for an inmate to show some sort of denial.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim."  Lewis v. Casey, 518 U.S. 343, 348 (1996).

The plaintiff in this case has failed to demonstrate that he has been prejudiced by any restricted access to photocopying or that any of the relief he presently seeks is essential to preserve the status quo in the underlying action.  The docket provides ample evidence that plaintiff is not being unreasonably denied access to the court.  Between August and November, plaintiff filed eight separate documents, including a 55 page third amended complaint.  Plaintiff's case is proceeding to trial.  Every indication is that plaintiff has been able to prosecute his case zealously.  Plaintiff thus does not demonstrate that in the absence of preliminary relief he will imminently suffer irreparable harm, either on the merits of the instant litigation or, more fundamentally, to his person.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction."  Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted).  Rather, a presently existing actual threat must be shown, although the injury need not be certain to occur.  See Zenith Radio, 395 U.S. at

130-31; FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S. 1020 (1998); Caribbean Marine, 844 F.2d at 674.

Finally, defendants have provided evidence that plaintiff used the library on November 1, 2, 3, 4, and 17, 2010, and that plaintiff has had PLU status from October 6, 2010 until November 21, 2010. (Dkt. No. 82-1 at 2.)

For all of the above reasons, plaintiff has failed to demonstrate that he is entitled to any preliminary relief regarding his inability to photocopy regulations. Therefore, plaintiff's motion should be denied without prejudice.

IT IS HEREBY RECOMMENDED that plaintiff's November 22, 2010 motion for injunctive relief (dkt. No. 78) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 15, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr0826.tro