IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

        Plaintiff,                   No. 2:09-cv-0826 GEB KJN P

    vs.

H. HER, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel in an action under 42 U.S.C. § 1983.  On December 30, 2010, plaintiff filed a motion for reconsideration.  Plaintiff asks the undersigned to reconsider the late filing of his reply to defendants' opposition to plaintiff's motion for injunctive relief.  Plaintiff acknowledges receipt of this court's Local Rule 230(*l*) notice issued November 30, 2010, that orders plaintiff's reply due seven days after the filing of the opposition.  However, plaintiff states he "found arguable authority in his favor" for filing the reply on December 20, 2010.

        Defendants filed their opposition on December 3, 2010.  Under Local Rule 230(*l*), plaintiff's reply was due December 10, 2010, although he would be permitted an additional three days for mailing under Fed. R. Civ. P. 6.  Under the mailbox rule, plaintiff's reply would be timely if he handed it to prison officials for mailing on December 13, 2010.  See Houston v.

1

1  Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers
2  it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that
3  "the Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners").
4        Instead, plaintiff handed the reply to prison officials for mailing on December 20,
5  2010, and the court received the reply for filing on December 23, 2010.
6        While this court is required to liberally construe pro se filings, the court is not
7  required to "liberally construe" adherence to court deadlines.  Plaintiff concedes he was provided
8  notice of the seven day deadline.  Rather than seek an extension of time, or clarification of the
9  notice from the court, plaintiff chose to look for "arguable authority" governing the deadline.
10 Plaintiff is admonished that court orders and briefing schedules are to be followed, even by
11 litigants proceeding without counsel.  If plaintiff is unable to meet a court deadline, plaintiff must
12 seek relief from the court, not search for contrary authority.
13       In an abundance of caution, the court will vacate the December 17, 2010 findings
14 and recommendations, and the court will issue revised findings and recommendations after
15 reviewing plaintiff's reply.  Plaintiff is cautioned, however, that all future deadlines will be
16 strictly enforced.
17       In light of this order, plaintiff's requests for extensions of time to file objections to
18 the findings and recommendations are moot and will be denied without prejudice.
19       Accordingly, IT IS HEREBY ORDERED that:
20       1.  Plaintiff's December 30, 2010 motion for reconsideration (dkt. no. 88) is
21 granted;
22       2.  The December 17, 2010 findings and recommendations (dkt. no. 84) are
23 vacated;
24 ////
25 ////
26 ////

3. Plaintiff's motions for extensions of time to file objections (dkt. nos. 89 & 92) are denied without prejudice.

DATED: February 3, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr0826.vac