1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARTHUR CARR,

11              Plaintiff,                    No. 2:09-cv-0826 GEB KJN P

12        vs.

13   H. HER, et al.,

14              Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding without counsel in an action under 42

17   U.S.C. § 1983.  In the instant action, plaintiff's allegations relate to an alleged March 10, 2008

18   attack while plaintiff was housed at California State Prison - Solano.  The defendants named in

19   this action were employed at California State Prison - Solano.

20              Plaintiff has filed a motion for temporary restraining order and/or preliminary

21   injunction concerning restricted access to the law library at Pleasant Valley State Prison,

22   Coalinga, where he is currently housed.  Plaintiff seeks an order directing the "State/defendants

23   to permit copying of administrative rules/records and allow sufficient copies to protect the

24   originality of each document/paper duplicated."  (Dkt. No. 78 at 5.)  On December 3, 2010,

25   defendants filed an opposition.  (Dkt. No. 82.)  By separate order, plaintiff was granted leave to

26   file a late reply.  (Dkt. No. 99.)  Plaintiff's reply was filed on December 23, 2010.  (Dkt. No. 86.)

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969).

1      The claims on which plaintiff's motion is predicated are not included in the third

2  amended complaint on which this action is proceeding.  For that reason, the claims will not be

3  given a hearing on the merits at trial.  Further, as discussed more fully below, these claims do not

4  implicate this court's jurisdiction in a way that might justify application of the All Writs Act to

5  reach officials at Pleasant Valley State Prison, Coalinga, who are not named in the underlying

6  litigation.[1]

7      Plaintiff's claims that his access to the courts has been impeded are unavailing.

8  An inmate has a constitutionally protected right of meaningful access to the courts.  Bounds v.

9  Smith, 430 U.S. 817, 820-21 (1977).  A prisoner claiming that his right of access to the courts

10  has been violated must show that:  1) access was so limited as to be unreasonable, and 2) the

11  inadequate access caused actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994).  A

12  prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a

13  non-frivolous legal claim has been frustrated or impeded.  To prevail, however, it is not enough

14  for an inmate to show some sort of denial.  An "actual injury" is "actual prejudice with respect to

15  contemplated or existing litigation, such as the inability to meet a filing deadline or to present a

16  claim."  Lewis v. Casey, 518 U.S. 343, 348 (1996).

17      In Lewis v. Casey, the United States Supreme Court held that prison inmates have

18  a constitutionally protected right to access the courts to bring civil rights actions to challenge

19  their conditions of confinement and to bring challenges to their criminal convictions.  Id. at 351.

20  The right of access to the courts "guarantees no particular methodology but rather the conferral of

21  

22      [1]  Admittedly, the fact that injunctive relief is sought from one not a party to litigation
does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a)

23  permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and
agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the

24  exercise and preservation of its jurisdiction.  Plum Creek Lumber Company v. Hutton, 608 F.2d
1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All

25  Writs Act in appropriate circumstances against persons or entities not a party to the underlying
litigation.  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).  Nevertheless,

26  the undersigned does not conclude that injunctive relief is appropriate in this case.

1   a capability – the capability of bringing contemplated challenges to sentences or conditions of

2   confinement before the courts." Id. at 356.  Under Lewis v. Casey, prison officials violate this

3   constitutional right to access the courts if, by their acts, they prevent an inmate from bringing, or

4   caused an inmate to lose, an actionable claim of this type.  Id.

5            Under rare circumstances, the deprivation of photocopies might rise to the level of

6   violating an inmate's constitutional right of access to the courts, but such a claim would not

7   accrue until plaintiff suffered an actual injury, as defined by Lewis v. Casey.  Moreover, relief

8   would have to be sought in a new civil rights action, brought in the Fresno Division of this

9   court.[2]  Here, plaintiff does not allege such an actual injury in the instant motion.  Rather,

10  plaintiff alleges an inability to photocopy regulations from the California Department of

11  Corrections Operations Manual or other administrative manuals for use as exhibits, and a revised

12  policy reducing the total number of photocopies provided from three to two.  Plaintiff has failed

13  to identify a specific instance where he was denied the right to bring a claim, or lost a claim,

14  based on these photocopy restrictions.  Moreover, review of the instant action reveals plaintiff

15  has met his court deadlines and diligently prosecuted this action.  Between August 2010 and

16  February 2011, plaintiff filed 24 separate documents, including a 55 page third amended

17  complaint.  Plaintiff's case is proceeding to trial.  The record reflects that plaintiff has been able

18  to pursue his claims zealously.  Thus, plaintiff has not demonstrated that the acts complained of

19  have, or will in any cognizable way, threaten his right of access to the courts.

20           For all of the above reasons, plaintiff's motion for injunctive relief should be

21  denied.

22  ////

23  ////

24

25       [2]  Plaintiff is required to first exhaust his administrative remedies as to any claim prior to bringing the claim in federal court.  Booth v. Churner, 532 U.S. 731, 741 (2001); 42 U.S.C.
26  § 1997e(a).

1    IT IS HEREBY RECOMMENDED that plaintiff's November 22, 2010 motion

2  for injunctive relief (dkt. No. 78) be denied.

3    These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

5  one days after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

8  shall be served and filed within fourteen days after service of the objections.  The parties are

9  advised that failure to file objections within the specified time may waive the right to appeal the

10  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11  DATED:  March 10, 2011

12

13

14  KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

15  carr0826.tro2

16

17

18

19

20

21

22

23

24

25

26