IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

       Plaintiff,           No. 2:09-cv-0826 GEB KJN P

    vs.

H. HER, et al.,

       Defendants.      <u>ORDER</u>

_____/

On October 25, 2010, plaintiff filed a motion to obtain the attendance of Michael Soares, allegedly a witness to an incident among inmates Sprague, Carroll and plaintiff on March 10, 2008.  Plaintiff seeks an order requiring inmate Michael Soares to inform the court whether he will testify voluntarily on behalf of plaintiff at trial in this matter.  Plaintiff states that on January 9, 2009, Michael Soares was housed at Solano State Prison.  Plaintiff is not aware of Mr. Soares' present location and does not have Mr. Soares' CDC inmate identification number.

Moreover, the California Department of Corrections and Rehabilitation website's inmate locator reveals two inmates by the name of Michael Soares:

Michael Jay Soares, CDCR #F01805, age 35, admitted 10/24/2005;

Michael Ryan Soares, CDCR #V70101, age 34, admitted 3/2/2005;

both of whom are located at different institutions.

1

On November 9, 2010, defendants filed an opposition to plaintiff's motion, contending that plaintiff has failed to comply with this court's February 24, 2010 scheduling order because he has failed to demonstrate that witness Soares has relevant testimony.  Although plaintiff has obtained a transcript of proceedings in the Solano County Superior Court, plaintiff only provided three pages, none of which contained testimony by Mr. Soares.  It appears that plaintiff has information that will inform the court whether Mr. Soares has relevant testimony to offer in the instant action.  Accordingly, plaintiff's motion is denied without prejudice to its renewal.  If plaintiff chooses to renew the motion, he should ensure that it complies with the provisions of this court's February 24, 2010 scheduling order, and provide copies of Mr. Soares' testimony in state court that plaintiff contends demonstrates Mr. Soares' testimony is relevant to the instant action.

Finally, plaintiff's motion is premature.  Motions to obtain the attendance of an incarcerated witness are due at the time pretrial statements are submitted.  Plaintiff should refrain from renewing his motion until he submits his pretrial statement.  An order setting forth the time frame for filing pretrial statements will issue after resolution of dispositive motions.

Accordingly, IT IS HEREBY ORDERED that plaintiff's October 25, 2010 motion for attendance of incarcerated witness (dkt. no. 75) is denied without prejudice.

DATED:  March 16, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr0826.wit

2