IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

Plaintiff, No. 2:09-cv-0826 GEB KJN P

vs.

H. HER, et al.,

Defendants.

ORDER AND

REVISED SCHEDULING ORDER

_____________________________/

Plaintiff is a state prisoner proceeding without counsel. Four motions are now submitted for decision. The court will address them seriatim.

I. December 13, 2010 Motion to Compel Discovery

On December 13, 2010, plaintiff filed a motion to compel further responses to plaintiff's supplemental request for production of documents/interrogatories and request for admissions. On December 29, 2010, defendants filed an opposition. On February 25, 2011, plaintiff filed a reply.

A. Requests for Admissions (Defendant Her)

> Supplemental Request for Admission No. 1: Admit that you submitted Defendant's Supplemental response to Plaintiff's Request for Production of Documents Pursuant to the Court's Ruling on Plaintiff's Motion to Compel on July 16, 2010.

> Defendant's Response: Defendant objects to this Request for Admission as it is irrelevant and not likely to lead to the discovery of evidence which is admissible in Court. The document speaks for itself and therefore, this request is deemed harassing in nature. Without waiving and subject to these objections, the Defendant Her responds as follows: Admit.

(Dkt. No. 87 at 2.)[1]

> Supplemental Request for Admission No. 3: Admit you are the "writer" of the Rules Violation Report – Part C, dated 3-18-08.
>
> Defendant's Response: Defendant objects to this Request for Admission in that it is vague, ambiguous, and overly broad. It is possible that more than one Rules Violation Report was authored by more than one Correctional Officer. Without waiving and subject to this objection, Defendant Her responds as follows: Admit, I authored a Rules Violation Report Part – C dated 3/18/08.

(Dkt. No. 87 at 3.)

Defendant Her's objections are sustained. The first document speaks for itself, and the request was not proper. In any event, defendant Her admitted submitting the response (Request No. 1), and authoring a Rules Violation Report Part -- C dated 3/18/08 (Request No. 3). Nothing more was required.[2] In plaintiff's reply, plaintiff states he propounded these requests to ascertain defendant Her's credibility and for impeachment purposes. Plaintiff is advised that his opportunity to challenge defendant Her's credibility is at trial, during cross-examination. Plaintiff's motion to compel further responses to Supplemental Requests for Admission No. 1 and 3 is denied.

---

[1] Plaintiff did not provide the actual discovery requests and the responses that are in dispute in the motion to compel. Defendants included the requests and the responses in their opposition to the motion to compel, with the exception of requests 9 - 11 and the requests for production of documents directed to defendant Solorzano. With the exception of request for production Nos. 1 & 2, discussed below, plaintiff has not objected to the requests and responses provided by defendants. The court has relied on the requests and responses as set forth by defendants with the exception of request for production Nos. 1 & 2, and certain discovery requests directed to defendant Solorzano, as identified below.

[2] As noted by defendant, plaintiff did not seek authentication of the documents and, in any event, plaintiff failed to append a copy of the document to be authenticated. Fed. R. Civ. P. 36.

> Supplemental Request for Admission No. 5: Admit you changed the statement at paragraph 4 when you testified in the case People of the State of California v. Jerry Sprague, case number FCR256080, Solano County Superior court, Fairfield, California.
>
> Defendant's Response: Defendant objects to this request on the grounds that it is vague, ambiguous, and overbroad, and is therefore deemed harassing and argumentative in nature. The word "changed" can have different meanings and it has not been defined by Plaintiff. Without waiving and subject to these objections, Defendant Her responds as follows: Denied, the substantive statements were not different.

(Dkt. No. 87 at 3.)

In plaintiff's reply, he claims his supplemental discovery requests "involved questions specifically related to Defendant Her's 'Supplemental Responses,' . . . and his 'statements' made while testifying" (dkt. no. 91 at 3) in FCR256080. Plaintiff claims "he meant paragraph '4' through paragraph '9' of page 51 of the trial transcript from FCR256080, which plaintiff appended to the motion to compel (dkt. no. 83 at 24). Plaintiff argues he made a typographical error that could have been resolved through a proper meet and confer.[3] (Dkt. No. 91 at 3.)

However, defendant Her's objections to this request are well-taken. By this court's July 9, 2010 order, plaintiff was reminded that "discovery requests must be specific and identify what information plaintiff is seeking." (Dkt. No. 57 at 2.) Request No. 5 is not clear without the amplification provided in plaintiff's motion to compel. (Dkt. No. 83 at 5.) The request, as written, does not identify what plaintiff is asking defendant Her to compare, nor which statement plaintiff claims defendant Her changed. Plaintiff's motion to compel further response to request No. 5 is denied. If plaintiff believes defendant Her changed a statement in a

---

[3] Plaintiff makes much of defendants' alleged failure to cooperate in the "meet and confer" process. However, it appears that each of plaintiff's "meet and confer" letters demanded a response within five days. In most cases, defense counsel didn't even receive the letter until after the five day period had elapsed. In any event, a five day response period appears to have been unreasonable.

material way, plaintiff may address this issue on cross-examination. Similarly, if plaintiff has evidence that demonstrates a witness has provided a prior inconsistent statement, he may attempt to use that evidence during cross-examination to impeach the witness.

> Request for Admission No. 6: Admit that you falsified the Rules Violation Report identified in paragraph 3.
>
> Defendant's Response: Defendant objects to this interrogatory in that it is argumentative. Defendant further objects to this interrogatory in that it is vague and ambiguous. Without waiving said objections, Defendant Her responds: Denied.

(Dkt. No. 87 at 4.)

This request is argumentative. Plaintiff's motion to compel further response to request No. 6 is denied.

Accordingly, plaintiff's motion to compel further responses to Requests for Admissions directed to defendant Her is denied.

B. Requests for Production (Defendant Her)

Plaintiff objects that defendants did not correctly set forth the language contained in Nos. 1 & 2. Accordingly, the court recites the requests as set forth by plaintiff. Plaintiff did not provide the separate responses of defendant Her, so the response is taken from defendants' opposition.

> Request for Production No. 1: A copy of inmate on inmate violence complaint, grievance, criticism, censure, reprimand/ rebuke directed toward you, prior to the incident giving rise to this proceeding.
>
> Request for Production No. 2: A copy of inmate on inmate violence complaint, grievance, criticism, censure, reprimand/ rebuke directed toward you, subsequent to the incident giving rise to this proceeding.

(Dkt. No. 91 at 4.)

> Defendant's Response to Nos. 1 & 2: Defendant objects to this Request for Production of Documents on the ground that it seeks information that is irrelevant and beyond the scope of discovery because it is not likely to lead to discovery of admissible evidence. Defendant further objects to this Request on the ground that it is

> vague and ambiguous, and cannot be understood fully, in that it appears to ask for information which may have occurred prior to 3/10/08, but also incorporates this incident. Without waiving and subject to these objections, defendant Her responds as follows: Plaintiff has been provided with any and all documents to date, responsive to this request, in the custody, possession, or control of this Defendant.

(Dkt. No. 87 at 5.)

It appears the "incident giving rise to this proceeding" occurred on or about March 10, 2008. Accordingly, Request Nos. 1 & 2, as written, are overbroad. Plaintiff seeks documents "prior to" and "subsequent to" March 10, 2008. This could include documents from the date defendant Her began employment with the California Department of Corrections and Rehabilitation ("CDCR"), as well as three years after the incident. In addition, it is unlikely that documents filed after the incident would bear relevance to plaintiff's failure to protect or Eighth Amendment claims.

However, plaintiff is entitled to "obtain discovery regarding any non privileged matter that is relevant to any party's claim or defense." Federal Rule of Civil Procedure 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Federal Rule of Civil Procedure 26(b)(1).

The court finds that the discovery sought by plaintiff, if limited in time, is relevant to his claims. Federal Rule of Evidence 404 normally prohibits a plaintiff from introducing evidence of prior failure to protect incidents or prior incidents of excessive force for the purpose of proving that defendants subsequently failed to protect or used excessive force against a plaintiff. However, the documents requested may be introduced for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Federal Rule of Evidence 404(b). The requested discovery may also lead to the discovery of other admissible evidence. Courts have allowed the discovery of prior complaints if the prior claims are very similar to the new claims. See Cox v. McClellan, 174

F.R.D. 32, 34 (W.D. N.Y. 1997) ("Prior civilian complaints made against the defendants and incidents of excessive force by individual defendants are clearly discoverable"); Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Penn. 1979) (interrogatories related to defendant's involvement in any prior suits or disciplinary proceedings concerning abuse of his lawful authority and the eventual disposition of those proceedings is relevant and may be used for impeachment or cross-examination.)

Here, plaintiff has narrowed his discovery request to "inmate on inmate violence." Because some of the documents sought may not include allegations that defendants failed to protect the inmate and/or violated the Eighth Amendment, defendants need only provide those documents responsive to request no. 1 that are limited to "inmate on inmate violence" where the injured inmate alleged defendant failed to protect the inmate or used excessive force in violation of the Eighth Amendment. Defendant Her shall review responsive documents for the two years prior to March 10, 2008. Thus, plaintiff's motion to compel further responses to request No. 1 is partially granted.[4]

> Request for Production No. 3: A copy of letter of instruction on any inmate on inmate violence grievance directed toward you, pursuant to the DOM §§ 33030.8; 33030.8.1.4.
>
> Defendant's Response: Defendant objects to this Request for Production of Documents on the ground that it seeks information that is irrelevant and beyond the scope of discovery because it is not likely to lead to discovery of admissible evidence. Defendant further objects to this Request on the ground that it is vague and ambiguous, and cannot be understood fully. Without waiving and subject to these objections, defendant Her responds as follows: Plaintiff has been provided with any and all documents to date, responsive to this request, in the custody, possession, or control of this Defendant.

(Dkt. No. 87 at 6.)

---

[4] Defendants did not raise an objection as to burden. However, defendants are cautioned that the court has narrowly tailored the request and the time frame for this discovery request. Plaintiff has no other means by which to obtain this information. See Lamon v. Adams, 2010 WL 4513405 at *3 (E.D. Cal.) ("Plaintiff's need for the documents outweighs the burden imposed on Defendant.")

In their opposition, defendants further argue that the term "Letter of Instruction" is vague and ambiguous and claim they do not know what plaintiff is requesting. However, review of § 33030.8 Causes for Corrective Action, and § 33030.8.1.4 Letters of Instruction of the CDCR Operations Manual ("DOM"), cited by plaintiff in the discovery request, reveals that a Letter of Instruction is a form of corrective action directed to a prison employee that is less punitive than a disciplinary action. Therefore, defendant Her's objection is overruled. Defendant Her's response that he has turned over any and all documents in his custody, possession, or control, does not indicate that he has reviewed his personnel file or other pertinent CDCR records to ensure no Letter of Instruction has been received yet not produced. Moreover, as plaintiff points out, if defendant Her has not received such a Letter of Instruction, defendant Her should simply provide a statement to that effect. Plaintiff's motion to compel further response to Request for Production No. 3 is partially granted. For the two year period prior to March 10, 2008, defendant Her shall review his personnel file or other CDCR records and shall produce any Letter of Instruction that contains allegations that defendant Her used excessive force during inmate on inmate violence, and/or allegations that defendant Her failed to protect an inmate or inmates during inmate on inmate violence.

> Request for Production No. 4: A copy of any complaints, grievances, criticism, censure, reprimand/rebuke directed toward you for excessive force against an inmate within 2 years from before the date of the incident to the date of the incident.
>
> Defendant's Response: Defendant objects to this Request for Production of Documents on the ground that it seeks information that is irrelevant and beyond the scope of discovery because it is not likely to lead to discovery of admissible evidence. Defendant further objects to this Request on the ground that it is vague and ambiguous, and cannot be understood fully. Without waiving and subject to these objections, defendant Her responds as follows: Plaintiff has been provided with any and all documents to date, responsive to this request, in the custody, possession, or control of this Defendant.

(Dkt. No. 87 at 6.)

////

Plaintiff has limited the request to the two year time frame prior to March 10, 2008. Defendants object that plaintiff's request is unclear whether he seeks complaints from other inmates or from superiors, or both. (Dkt. No. 87 at 7.) However, plaintiff's use of the terms "complaints, grievances, criticism, censure, and reprimand," make clear that plaintiff seeks documents, authored by both other inmates and superiors working at the prison, alleging defendant Her used excessive force. Defendant's relevance objection is overruled. In light of plaintiff's Eighth Amendment allegations, this request is relevant. As noted above, this evidence may be introduced for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Federal Rule of Evidence 404(b). The requested discovery may also lead to the discovery of other admissible evidence. Although defendant claims he has produced documents in his custody, possession, or control, there is no indication that defendant searched appropriate CDCR records for documents responsive to this request. Accordingly, defendant Her shall review documents responsive to this request, prepared by other inmates or superiors, alleging defendant Her used excessive force during inmate on inmate violence, for the two years prior to March 10, 2008.

> Request for Production of Documents No. 1: A copy of any and all documents and other tangible things upon which you base your denial of plaintiff's claim.
>
> Defendant's Response: Defendant objects to this Request for Production of Documents on the ground that it seeks information that is irrelevant and beyond the scope of discovery because it is not likely to lead to discovery of admissible evidence. Defendant further objects to this Request on the ground that it is vague and ambiguous and cannot be understood fully. It appears to be a Request asking for all the documents which he has already been provided within his previous requests. It is therefore duplicative and deemed harassing in nature. Without waiving and subject to these objections, defendant Her responses as follows: Plaintiff has been provided with any and all documents to date, responsive to this request, in the custody, possession, or control of this Defendant.

(Dkt. No. 87 at 7.)

////

Defendant Her's objection is sustained. Plaintiff's motion to compel further response to Request No. 1 is denied.

> Supplemental Requests for Production of Documents 1: A copy of your training completion in (Disturbance Control Plan) pursuant to Calif. Code of Regs., 3301. (CCR).
>
> Defendant's Response: Defendant objects to this request on the ground that it is vague and ambiguous as to the information which is being sought. Without waiving and subject to this objection, Defendant responds as follows: Defendant does not have in his possession, custody, or control, any documents which would be responsive to this request.

(Dkt. No. 87 at 7-8.) The remaining requests, 2 - 6, all seek documentation of the type of training defendant Her has received in the course of his employment with the prison, but referencing different contexts in each request. (Request 2: CCR-1515, 3301; Request 3: Control of Inmates and Parolees pursuant to CCR-15, 3278; Request 4: training in inmate on inmate violence, with subparts; Request 5: inmate on inmate violence pursuant to Department Operations Manual (DOM), § 32010.14.1(D); Request 6: advanced training in inmate on inmate violence pursuant to DOM § 32020.9.) (Dkt. No. 87 at 8-9.)

In his motion, plaintiff argues that the discovery is relevant "to establish the amount of training defendant underwent, and whether the lack of training in protecting plaintiff from armed inmate constituted deliberate indifference.[5] (Dkt. 83 at 11.) Defendants argue that plaintiff's use of the terms "a copy of your training" is unclear as to whether plaintiff seeks "some certificate of completion, or records kept by the institution as to completion, or the training curriculum itself." (Dkt. No. 87 at 9.) Defendants also contend that because plaintiff argues defendant Her has "already informed [plaintiff] that he has been trained in responding to

---

[5] Plaintiff adds that the discovery would support "the supervisors liability who failed in this regard to properly train his/her subordinate officers, and had actual knowledge that subordinate officers infringed on plaintiff's constitutional rights." (Dkt. No. 83 at 11.) However, defendants correctly note that plaintiff has only named correctional officers Her and Solorzano as defendants. There are no supervisors named as defendants in this action.

inmate fights, [defendant] should have the 'proof,'" plaintiff's requests are harassing and burdensome.

Defendants' objections are not well-taken. Plaintiff is entitled to obtain documents demonstrating defendant Her has been trained, or not, pursuant to the specific training and code sections plaintiff cited in each request. A fair reading of plaintiff's requests[6] demonstrates plaintiff is seeking documentation of defendant Her's specific training, and plaintiff cannot obtain this discovery by other means. Although defendant Her claims he has turned over all documents in his custody, possession, or control, he has not indicated he has searched his personnel file or other appropriate CDCR records to discover whether certificates or other documentation of specific training exists that has not been produced.

Plaintiff's motion to compel further responses to supplemental requests for production 1 through 6 is partially granted. Defendant Her shall search his CDCR personnel file or other appropriate CDCR records, and, within forty-five days, provide plaintiff with any certificate(s) or other documentation of specific training defendant Her has received that is responsive to Requests Nos. 1 - 6. If defendant Her searches his personnel file or other appropriate CDCR records, and determines documentation of specific training in response to a particular request does not exist, he shall so state.

Accordingly, plaintiff's motion to compel further responses to requests for production directed to defendant Her is granted as to Requests 1, 3 and 4, and Supplemental Requests 1 - 6; in all other respects, the motion is denied.

C. <u>Supplemental Requests for Admission (Defendant Solorzano)</u>

> <u>Supplemental Request for Admission No. 1</u>: Admit that you submitted Defendant's Supplemental response to Plaintiff's Request for Production of Documents Pursuant to the Court's

---

[6] In plaintiff's reply, plaintiff attempts to claim this request sought "mandatory procedural requirements of training required of all correctional officers employed by CDCR." (Dkt. No. 91 at 6.) This is not a fair characterization of plaintiff's requests Nos. 1 - 6, and is specifically refuted by plaintiff's use of the term "your" in these requests.

Ruling on Plaintiff's Motion to Compel on July 16, 2010.

Defendant's Response: Defendant objects to this Request for Admission as it is irrelevant and not likely to lead to the discovery of evidence which is admissible in Court. The document speaks for itself and therefore, this request is deemed harassing in nature. Without waiving and subject to the objections, the Defendant Solorzano responds as follows: Admit."

(Dkt. No. 87 at 9.)

Supplemental Request for Admission No. 3: Admit you are the "writer" of the Rules violation Report – Part C, dated "3-18-08."

Defendant's Response: Defendant objects to the Request for Admissions in that it is vague, ambiguous, and overly broad. It is possible that more than one Rules Violation Report was authored by more than one Correctional Officer. Without waiving and subject to this objection, Defendant Solorzano responds as follows: Denied, I did not author any Rules Violation Report Part – C dated 3/18/08. A Rules Violation Report was authored on 3/18/08.

(Dkt. No. 87 at 10.)

Defendant Solorzano's objections are sustained. The first document speaks for itself, and the request was not proper. In any event, defendant Solorzano admitted authoring a Rules Violation Report Part -- C dated 3/18/08. Nothing more was required.[7] In plaintiff's reply, plaintiff states he propounded these requests to ascertain defendant Solorzano's credibility and for impeachment purposes. Plaintiff's opportunity to challenge defendant Solorzano's credibility is at trial, during cross-examination. Plaintiff's motion to compel further responses to Supplemental Requests for Admission No. 1 and 3 are denied.

Supplemental Request for Admission No. 5: Admit that you were Plaintiff's immediate supervisor.

Defendant's Response: Defendant objects to this Request for Admission in that it seeks information that is irrelevant and beyond the scope of discovery because it is not likely to lead to discovery of admissible evidence. Defendant further objects to this Request

---

[7] As noted by defendant, plaintiff did not seek authentication of the documents and plaintiff did not append a copy of the document to be authenticated. Fed. R. Civ. P. 36.

> for Admission in that Defendant does not have knowledge or information sufficient to form a basis for the truth of this request. Without waiving and subject to these objections, Defendant Solorzano responds as follows: Denied.

(Dkt. No. 87 at 10-11.)

> Supplemental Request for Admission No. 6: Admit that you supervised Plaintiff for a period of 2 years before the occurrence of the incident on March 10, 2008.
>
> Defendant's Response: Defendant objects to this Request for Admission in that it seeks information that is irrelevant and beyond the scope of discovery because it is not likely to lead to discovery of admissible evidence. Defendant further objects to this Request for Admission in that Defendant does not have knowledge or information sufficient to form a basis for the truth of his request. Without waiving and subject to these objections, Defendant Solorzano responds as follows: Denied.

(Dkt. No. 87 at 11.)

Defendant Solorzano is correct that plaintiff failed to identify his employment in either request nos. 5 or 6, and failed to provide a limited time frame in request 5. However, as noted by plaintiff, request for admission no. 4 asked defendant to admit that plaintiff was employed as p.m. porter in Building 8. (Dkt. No. 91 at 7.) In addition, plaintiff has now provided a copy of an inmate's work supervisor's time log, dated 9-1-07, that appears to bear defendant Solorzano's name as plaintiff's supervisor. (Dkt. No. 83 at 38.)

The record makes clear that defendant Solorzano was working near Building 8 on March 10, 2008, because he was involved in the incident at issue herein. Defendants claim defendant Solorzano has "never denied knowing the Plaintiff." (Dkt. No. 87 at 11.) However, defendant Solorzano does not state that he has made a reasonable inquiry to determine whether he was plaintiff's supervisor during these time frames.

////

////

////

The evidence plaintiff seeks is relevant for impeachment purposes. Plaintiff is entitled to submit evidence demonstrating defendant Solorzano knew plaintiff, for how long, and in what context.[8]

Because there appears to be an inconsistency, the court will deem defendant Solorzano's responses to request for admissions nos. 5 & 6 withdrawn. Fed. R. Civ. P. 36(b). Defendant Solorzano is directed to review the time log provided by plaintiff (dkt. no. 83 at 38), and to make reasonable inquiry to determine whether he was plaintiff's supervisor during the March 10, 2008 incident, or at any time within the two year period prior to March 10, 2008, while plaintiff was employed as p.m. porter in Building 8. Following such inquiry, defendant Solorzano shall answer request for admissions nos. 5 & 6 within thirty days from the date of this order. Fed. R. Civ. P. 36(a)(3).

> Supplemental Request for Admission No. 8: Admit that Sprague exchanged punches using quick motions.
>
> Defendant's Response: Defendant objects to this Request for Admission in that it is vague, ambiguous, and overly broad. Defendant is unable to ascertain from the Request as to the timing of the information being sought. Without waiving and subject to this objection, Defendant Solorzano responds as follows: Admit, that when I looked over, I saw inmate Sprague exchange punches with a black inmate who I could not identify due to his quick motions, not Sprague's.

(Dkt. No. 87 at 12.)

Defendant Solorzano's objections are sustained; plaintiff references no date or time frame in this request. However, defendant made a good faith attempt to answer the request. If plaintiff believes this answer contradicts another answer provided by defendant Solorzano, he

---

[8] Plaintiff is cautioned that defendant Solorzano's statement that he did not recognize plaintiff during the March 10, 2008 incident is not necessarily inconsistent with the fact that defendant Solorzano may have known plaintiff. Other factors may have colored whether defendant Solorzano recognized or failed to recognize plaintiff during the incident. Moreover, the issue of whether or not defendant Solorzano knew plaintiff may have no bearing on how defendant Solorzano handled himself during the March 10, 2008 incident. The jury will assess defendant Solorzano's credibility, and the trial court will decide whether evidence is ultimately admitted at trial.

may address his concerns through cross-examination at trial. Plaintiff's motion to compel further response to request No. 8 is denied.

> Supplemental Request for Admission No. 9: Admit that you slipped and fell as you ran towards the combatants.
>
> Defendant's Response: Defendant objects to this Request for Admission as it seeks information that is irrelevant and beyond the scope of discovery because it is not likely to lead to the discovery of admissible evidence. Defendant further objects to this Request in that it is vague and ambiguous. Without waiving and subject to these objections, Defendant Solorzano responds as follows: Admit, I may have fallen while running to break up the mutual combat.

(Dkt. No. 83 at 16.)

In opposition, defendants contend an accident does not lead to a section 1983 action; therefore, they argue this fact is irrelevant. Plaintiff responds that this fact is relevant because it may help determine what defendant Solorzano

> actually saw, and where and when he saw what he claims was seen, because his written report is silent as to this fact that he fell, may lead to other admissible evidence Defendant has been silent about.

(Dkt. No. 91 at 8.) Defendants' objections are overruled. Defendant Solorzano shall answer Supplemental Request for Admission No. 9 without objection, with either a yes or no response.

> Supplemental Request for Admission No. 10: Admit that you were able to identify all the combatants except Plaintiff.
>
> Defendant's Response: Defendant objects to this Request for Admission in that it is vague and ambiguous as to time. Without waiving and subject to this objection, Defendant Solorzano responds as follows: Denied, I was unable to identify all the combatants while they were exchanging punches, but once all the inmates were under control, Plaintiff was identified as the inmate in a mutual exchange of punches, with inmate Sprague, on 3/10/08.

(Dkt. No. 83 at 17.)

Plaintiff contends that defendant's answer suggests there were more than two inmates involved in exchanging punches. Although defendant's use of the word "all" is misleading, the last portion confirms that plaintiff was identified as the inmate in a mutual

exchange of punches with inmate Sprague on March 10, 2008, after the inmates were under control. Defendant's objections are sustained, and plaintiff's motion to compel further response to this request is denied.

> Supplemental Request for Admission No. 11: Admit that you falsified the Rules Violation Report when you stated that you could not identify the "black inmate."
>
> Defendant's Response: Defendant objects to this Request for Admissions in that it is vague and ambiguous as to time. Defendant further objects to this Request in that it is argumentative. Without waiving and subject to these objections, Defendant Solorzano responds as follows: Denied, I was unable to identify all the combatants while they were exchanging punches, but once all inmates were under control, Plaintiff was identified as the inmate in a mutual exchange of punches, with inmate Sprague, on 3/10/08. I did not falsify the Rules Violation Report.

(Dkt. No. 83 at 17-18.)

This request is argumentative. Plaintiff's motion to compel further response to Request No. 11 is denied.

Accordingly, plaintiff's motion to compel defendant Solorzano to provide further responses to Requests for Admission is denied as to Request Nos. 1, 3, 8, 10 and 11, and is granted as to Requests Nos. 5, 6 and 9.

D. Request for Production of Documents (Defendant Solorzano)

First, defendants state that plaintiff "has requested documents under the title of interrogatories."[9] (Dkt. No. 87 at 13.) Second, defendants contend they have provided plaintiff with all documents in defendants' possession, custody or control, so there "are no grievances, complaints, censure, letters of reprimand, or any other certificates regarding training, that could be provided to the Plaintiff." (Id.) However, as explained above, defendant Solorzano has made

---

[9] It appears plaintiff misused the word "Interrogatories." However, the requests set forth are clearly requests for production of documents. Moreover, as noted by plaintiff, none of the objections provided by the parties object on the basis that plaintiff was seeking documents by way of interrogatories rather than a request for production. Therefore, it appears that misuse of the term "interrogatories" was limited to the motion to compel.

no statement confirming he has searched appropriate CDCR records, i.e. personnel files, etc., to determine whether responsive documents to these requests exist. The discovery propounded to defendant Solorzano appear to mirror the discovery propounded to defendant Her. However, plaintiff did not seek to compel further production of training records as to defendant Solorzano. (Dkt. No. 83 at 19-20). Accordingly, the court issues the following order partially granting plaintiff's motion to compel defendant Solorzano to produce further documents, limited in time to the two year period preceding March 10, 2008, or provide a statement that, following a search of the appropriate CDCR records, specifically identified by defendant Solorzano, no such document exists. Defendant Solorzano is ordered to:

1. Produce a copy of any complaint, grievance, criticism, censure, reprimand/rebuke directed toward defendant Solorzano but limited to "inmate on inmate violence" where the injured inmate alleged defendant Solorzano failed to protect the inmate or used excessive force against the injured inmate in violation of the Eighth Amendment.

2. Produce a copy of any Letter of Instruction, pursuant to DOM §§ 33030.8 & 33030.8.1.4, defendant Solorzano has received concerning allegations of excessive force during inmate on inmate violence, and/or failure to protect inmates during inmate on inmate violence.

3. Produce a copy of any documents, prepared by other inmates or superiors, alleging defendant Solorzano used excessive force during inmate on inmate violence.

In all other respects, plaintiff's motion to compel further production of documents by defendant Solorzano is denied.

E. Conclusion

As set forth above, plaintiff's December 13, 2010 motion to compel (dkt. no. 83) is denied in part and granted in part.

II. January 27, 2011 Motion to Compel Discovery

On January 27, 2011, plaintiff filed a motion to compel discovery. (Dkt. No. 96.) Defendants have filed an objection, and plaintiff has filed a reply. (Dkt. Nos. 101 & 104.)

Plaintiff signed the motion to compel on January 24, 2011; therefore, the filing date of his motion is January 24, 2011. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners"). On September 29, 2010, the discovery deadline was extended until January 21, 2011. (Dkt. No. 74.) The parties were expressly told that "[a]ny motions necessary to compel discovery shall be filed by that date." (Dkt. No. 74 at 1.)

Plaintiff admits he did not begin producing this motion to compel until January 17, 2011. (Dkt. No. 96 at 6.) Plaintiff contends that he was unable to file the motion to compel on January 21, 2011, because the prison law librarian did not come to work on January 21, 2011. (Dkt. No. 96 at 4.) However, plaintiff filed a 79 page motion. Plaintiff should not have waited so close to the discovery deadline to produce, photocopy or file his motion to compel, particularly given the length of the document. Plaintiff should have prepared the motion, including making the photocopies, with sufficient time to meet the January 21, 2011 deadline. Instead, plaintiff presented the motion to prison authorities for mailing on January 24, 2011, after the discovery deadline expired.

Plaintiff's January 27, 2011 motion to compel discovery was filed after the discovery deadline expired; therefore, plaintiff's second motion to compel discovery is denied.

III. Motion to Extend the Discovery Deadline

On January 21, 2011, plaintiff signed the certificate of service on defendants for his motion to extend the discovery deadline to prison officials for mailing. (Dkt. No. 94.) The motion was filed with the court on January 26, 2011. (Id.) Defendants have filed an opposition, and plaintiff has filed a reply.

The court's first scheduling order issued on February 24, 2010, and set a discovery deadline of May 28, 2010. (Dkt. No. 30.) After plaintiff's second amended complaint was dismissed, the scheduling order was vacated on June 18, 2010. (Dkt. No. 50.) In addition, on

July 9, 2010, the court warned plaintiff that he "should seek any supplemental information forthwith." (Dkt. No. 57 at 3.) On September 2, 2010, plaintiff was advised:

> With regard to plaintiff's concern as to discovery, the discovery deadline was vacated. Plaintiff was directed to tailor his revised discovery responses forthwith to avoid any further delay. (July 9, 2010 Order at [3].) At present, however, plaintiff is under no immediate deadline by which to submit discovery requests. A revised scheduling order will issue once defendants have answered the third amended complaint.

(Dkt. No. 70.)

On September 29, 2010, a revised scheduling order issued, setting the new discovery deadline for January 21, 2011. (Dkt. No. 74.) The parties were informed that "[a]ll requests for discovery pursuant to Federal Rules of Civil Procedure 31, 33, 34 or 36 shall be served at least sixty days prior to that date [January 21, 2011]." (Id. at 1.) Therefore, in order to comply with the revised scheduling order, discovery must be propounded no later than November 21, 2010.

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a court's scheduling order "may be modified only for good cause and with the judge's consent." A party demonstrates good cause for modifying a scheduling order by showing that, despite the exercise of due diligence, the scheduled deadlines cannot be met. See Zivkovic v. Southern Calif. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (holding that party failed to demonstrate good cause where a continuance was requested four months after the scheduling order was issued, and plaintiff had not been diligent in complying with the schedule); see also Grissom v. Freeport-McMoran Corp., 2010 WL 342585, *2 (D. Ariz.2010) (pro se plaintiff failed to show that she was unable to meet the expert disclosure deadline through an exercise of reasonable diligence, therefore, motion was denied). If the party seeking a modification did not exercise diligence, then the motion for modification should be denied. Zivkovic, 302 F.3d at 1087.

Here, plaintiff contends his filing is timely because the prison law library was closed on January 21, 2011, so plaintiff was unable to have his documents photocopied. (Dkt.

No. 105 at 12.)  Plaintiff argues his discovery efforts were thwarted by defendants' failure to respond to plaintiff's "meet and confer" letters.  Plaintiff also sets forth his efforts to propound discovery in a timely manner.  Plaintiff states that he requested the extension of the discovery deadline "[b]ecause defendants have been deceptive and not complying in good faith with discovery."  (Dkt. No. 105 at 16.)  Finally, plaintiff contends defendants have failed to show they will be prejudiced by an extension of the discovery deadline.

On the other hand, defendants argue that plaintiff did not conduct any discovery from July 2010 through October 2010.  On November 4, 2010, plaintiff propounded his second set of interrogatories and second request for admissions.  On November 11, 2010, plaintiff propounded his third set of interrogatories and third request for admissions.

Plaintiff waited until the day discovery closed to seek a continuance.  This court has not found that defendants objected in bad faith or unreasonably delayed discovery, despite plaintiff's protestations to the contrary.  Plaintiff has had over a year to conduct discovery.  Indeed, plaintiff's first motion to compel discovery was resolved by order filed June 18, 2010.  (Dkt. No. 50.)  In light of all of the above, this court finds plaintiff has failed to show good cause for a second extension of the discovery deadline in this action.  Plaintiff's motion for extension is denied.  No further discovery requests shall be propounded by any party.

IV.  Motion to Strike

On February 18, 2011, plaintiff filed a motion to strike certain portions of his discovery motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Rule 12(f) provides, in pertinent part,

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).  Rule 7 of the Federal Rules of Civil Procedure defines the term "pleadings" as a complaint, an answer, and, if the court so orders, a reply to an answer.  Fed. R. Civ. P. 7(a).  Because plaintiff seeks to strike materials from a discovery motion, Rule 12(f) is

not applicable. In any event, plaintiff is advised that the filing of extraneous discovery responses was not considered by the court in reaching its decision. Plaintiff's motion to strike is denied.

V. Pretrial Motion Deadline

The instant order requires defendants to provide additional responses within forty-five days from the date of this order. Accordingly, the April 15, 2011 pretrial motion deadline must be extended. Good cause appearing, the April 15, 2011 pretrial motion deadline is extended to July 15, 2011.

IT IS HEREBY ORDERED that:

1. Plaintiff's December 13, 2010 motion to compel (dkt. no. 83) is partially granted, as follows:

A. Defendant Her shall provide further responses to Request for Production No. 1. Defendant Her shall review appropriate CDCR records for the two years prior to March 10, 2008. Defendant Her shall produce those documents responsive to Request No. 1 that are limited to "inmate on inmate violence" where the injured inmate alleged defendant Her failed to protect the inmate or used excessive force in violation of the Eighth Amendment.

B. Defendant Her shall provide further responses to Request for Production No. 3. Defendant Her shall search his personnel file or other CDCR records for the two year period prior to March 10, 2008. Defendant Her shall produce any Letter of Instruction that contains allegations that defendant Her used excessive force during inmate on inmate violence, and/or allegations that defendant Her failed to protect an inmate or inmates during inmate on inmate violence.

C. Defendant Her shall provide further responses to Request for Production No. 4. For the two year period prior to March 10, 2008, defendant Her shall review and produce any documents prepared by other inmates or superiors alleging defendant Her used excessive force during inmate on inmate violence.

////

D.  Defendant Her shall provide further responses to Supplemental Requests for Production of Documents Nos. 1 through 6.  Defendant Her shall search his CDCR personnel file or other appropriate CDCR records, and produce any certificate(s) or other documentation of specific training defendant Her has received in connection with inmate on inmate violence, and specifically responsive to the sources plaintiff recited in Requests Nos. 1 - 6.

E.  Defendant Solorzano's responses to Request for Admissions Nos. 5 & 6 are deemed withdrawn.  Fed. R. Civ. P. 36(b).  Defendant Solorzano shall review the time log provided by plaintiff (dkt. no. 83 at 38), and make reasonable inquiry to determine whether he was plaintiff's supervisor during the March 10, 2008 incident, or at any time within the two year period prior to March 10, 2008, while plaintiff was employed as p.m. porter in Building 8. Following such review and inquiry, defendant Solorzano shall answer Request for Admissions Nos. 5 & 6, within thirty days from the date of this order.  Fed. R. Civ. P. 36(a)(3).

F.  Defendant Solorzano shall provide a response to Supplemental Request for Admission No. 9.  Defendant Solorzano shall answer Supplemental Request for Admission No. 9 without objection, with either a yes or no response, within thirty days from the date of this order.

G.  Defendant Solorzano shall produce a copy of any complaint, grievance, criticism, censure, reprimand/rebuke directed toward defendant Solorzano, but limited to "inmate on inmate violence," where the injured inmate alleged defendant Solorzano failed to protect the inmate or used excessive force in violation of the Eighth Amendment.

H.  Defendant Solorzano shall produce a copy of any Letter of Instruction, pursuant to DOM §§ 33030.8 & 33030.8.1.4, defendant Solorzano has received concerning allegations of excessive force during inmate on inmate violence, and/or failure to protect an inmate or inmates from inmate on inmate violence.

////

I. Defendant Solorzano shall produce a copy of any documents, prepared by other inmates or superiors, alleging defendant Solorzano used excessive force during inmate on inmate violence.

Defendants shall produce these documents within forty-five days from the date of this order. If either defendant is unable to locate a document responsive to paragraphs A - D & G -I above, the defendant shall provide a statement identifying the sources searched and confirm that no such document was located. In all other respects, plaintiff's December 13, 2010 motion to compel is denied.

2. Plaintiff's January 27, 2011 motion to compel (dkt. no. 96) is denied.

3. Plaintiff's January 26, 2011 motion to extend the discovery deadline (dkt. no. 94) is denied. No further discovery requests shall be propounded by any party.

4. Plaintiff's February 18, 2011 motion to strike (dkt. no. 103) is denied.

5. The April 15, 2011 pretrial motion deadline is extended to July 15, 2011.

DATED: March 18, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr0826.dsc