IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

    Plaintiff,               No. 2:09-cv-0826 GEB KJN P

    vs.

H. HER, et al.,

    Defendants.        ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with an action under 42 U.S.C. § 1983. In the instant action, plaintiff's allegations relate to an alleged March 10, 2008 attack while plaintiff was housed at California State Prison - Solano. All of the defendants named in this action were employed at California State Prison - Solano.

        On November 22, 2010, plaintiff filed a motion for temporary restraining order and/or preliminary injunction concerning restricted access to the law library at Pleasant Valley State Prison, Coalinga, where he is currently housed. (Dkt. No. 78.) Plaintiff sought an order directing the "State/defendants to permit copying of administrative rules/records and allow sufficient copies to protect the originality of each document/paper duplicated." (Dkt. No. 78 at 5.) On March 11, 2011, the magistrate judge recommended that plaintiff's motion be denied because plaintiff's motion was predicated on claims not included in the underlying action, and

plaintiff had failed to demonstrate an actual injury to his right of access to the courts as required under Lewis v. Casey, 518 U.S. 343, 348 (1996). (Dkt. No. 106 at 4.) The undersigned adopted the findings and recommendations on May 10, 2011. (Dkt. No. 114.)

Plaintiff was granted an extension of time to file an appeal, and on July 11, 2011, filed a timely notice of appeal. Review of the appeal confirms plaintiff is attempting to challenge the Pleasant Valley State Prison C-Yard law library's practice or policy restricting the photocopying of certain documents. (Dkt. No. 132 at 3.) On July 15, 2011, the Court of Appeals for the Ninth Circuit issued a referral notice inquiring whether "in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." (Dkt. No. 134.)

Title 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445.). For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327, 109 S.Ct. 1827 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984). "Not taken in good faith" means "frivolous." Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.2d 626, 631 (9th Cir. 2000).

Review of the record demonstrates that plaintiff is attempting to challenge, by way of his motion for injunctive relief, a prison regulation concerning prisoners' alleged inability to photocopy certain documents at Pleasant Valley State Prison, Coalinga. This challenge is unrelated to the underlying claims in this action; in addition, plaintiff failed to demonstrate he had suffered an actual injury under Lewis v. Casey, 518 at 348. Therefore, plaintiff is unable to demonstrate his motion presents serious questions going to the merits of this action, or that he is

likely to succeed on the merits of this action, or that it is likely he will suffer irreparable injury absent injunctive relief.  Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011).[1]

For these reasons, this court finds that no reasonable person would find the pending appeal has merit.  Therefore, the court certifies that the appeal is frivolous and not taken in good faith.  Fed. R. App. P. 24(a)(3)(A).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(4)(B) that plaintiff's appeal of the denial of plaintiff's motion for injunctive relief is frivolous and is not taken in good faith.

Dated: July 21, 2011

GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Moreover, it appears likely plaintiff has not exhausted his administrative remedies as to this challenge to the prison's photocopy policy prior to the filing of the motion for injunctive relief.  Booth v. Churner, 532 U.S. 731, 741 (2001); 42 U.S.C. § 1997e(a).