IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

    Plaintiff,                    No. 2:09-cv-0826 GEB KJN P

    vs.

H. HER, and A.V. Solorzano,

    Defendant.                  ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. This matter is set for trial confirmation hearing on January 11, 2013, and for jury trial on February 26, 2013, before the undersigned. On March 21, 2012, defendants' motion for summary judgment was denied in part and granted in part. (Dkt. No. 151.)

        Recently, the Ninth Circuit issued an order requiring that all prisoners proceeding pro se must be provided contemporaneous notice of certain requirements for opposing a motion for summary judgment. Woods v. Carey, __F.3d __, 2012 WL 2626912,*1, *5 (9th Cir. July 6, 2012 ), citing Rand v. Rowland, 154 F.3d 952, (9th Cir. 1998) (en banc); see also Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988). In Woods v. Carey, the Ninth Circuit rejected this district's practice of providing Rand and Wyatt notices at the time the court issues the order directing service on defendants. The court held that "[t]he failure to provide adequate Rand

1

notice is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail." Woods v. Carey, at *6.

In the instant action, the court provided the Rand and Wyatt notices at the time it ordered service on defendants (dkt. no. 9), but did not provide the requisite notice at the time defendants filed their motion,[1] and the court ruled in favor of defendants on plaintiff's Fourteenth Amendment claim. (Dkt. No. 149 at 16; 151.) The court also found that plaintiff's cover-up claim was not ripe, and dismissed the claim as premature.

"The failure to provide adequate Rand notice is a ground for reversal unless it is clear from the record that there are no facts that would permit the inmate to prevail." Woods v. Carey, 2012 WL 2626912, at *6, citing Rand, 154 F.3d at 962 n.9.

Here, plaintiff's Fourteenth Amendment claim was denied as a matter of law. Graham v. Connor, 490 U.S. 395 n.10 (1989). Thus, it is clear from the record (dkt. no. 149 at 16), that plaintiff could allege no facts that would allow plaintiff to prevail on the Fourteenth Amendment claim, because plaintiff's excessive force claim is adequately protected under the Eighth Amendment. The court denied defendants' motion for summary judgment on plaintiff's Eighth Amendment claims.

Similarly, the record makes clear that plaintiff could allege no additional facts to demonstrate the alleged cover-up claim was timely brought inasmuch as the claim hinges on the outcome of the instant action. (Dkt. No. 149 at 19-20.)

Accordingly, this court finds that it is unnecessary to reopen briefing on the April 4, 2011 motion for summary judgment pursuant to Woods v. Carey, 2012 WL 2626912, at *6.

DATED: 8/20/12

---

[1] The notice provided in defendants' notice of motion cited Rand and Klingele, and directed plaintiff's attention to the court's April 23, 2009 order. (Dkt. No. 110.)

2