1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ARTHUR CARR,

11              Plaintiff,                    No. 2:09-cv-0826 GEB KJN P

12        vs.

13   H. HER, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16              Both parties have filed pretrial statements.  In plaintiff's pretrial statement,

17   plaintiff seeks to call inmates Terrell Woodard, Kevin Green, Leslie Jones, and Joel Holly, as

18   witnesses.  Plaintiff also seeks to call Michael Soares, a former inmate now out of custody on

19   parole.

20              These witnesses claim they will testify as follows:

21              1.  Inmate Terrell Woodard declared that he witnessed plaintiff "get attacked by

22   two aggressive white inmates with a weapon."  (Dkt. No. 117-1 at 20.)  Inmate Woodard

23   declared:

24        I also witness[ed] plaintiff being stab[bed] numerous of time[s] by
          the white inmate[;] I attempted to warrant off the aggressive inmate
25        [well,] he turn[ed] his anger towards me and I was wounded in my
          attempt.
26

1

> 6.  I also witness officer Solorzano [sic] who slip[ped] and fell on his way to stop the fight.  When C/O Solorzano [sic] got there, instead of spraying the aggressive white inmate who had the weapon, he spray[ed] me the victim, and that cause[d] the aggressive white inmate to do more damages.

(Dkt. No. 117-1 at 21.)  Woodard's declaration does not reference defendant Her.  (Id.)

2.  Plaintiff provided the declaration of inmate Green, who declared he witnessed the March 10, 2008 incident.  Inmate Green saw defendants pepper spraying plaintiff instead of the inmate with the weapon.  (Dkt. No. 117-1 at 15-16.)

3.  Inmate Jones expressed a willingness to testify on behalf of plaintiff, and claimed that he has eye- or ear-witness testimony to offer during plaintiff's jury trial concerning the events on or about March 10, 2008, at CSP-Solano.  (Dkt. No. 53 at 1-2.)  However, in his accompanying declaration, inmate Jones did not provide any details as to what he allegedly heard or saw.  (Dkt. No. 53 at 2.)

4.  Inmate Joel Holly declared that on March 10, 2008, he witnessed plaintiff "suffer an attack by two White inmates, named "Pirate" [Sprague][1] and "J.C." [Carroll], also known to be "Skinheads."  (Dkt. No. 115 at 6.)  Holly declared that at approximately 2:25 p.m., he saw inmate Sprague punch plaintiff twice in the facial area, and plaintiff stumbled back and fell on the ground under the stairway near cell 118.  (Dkt. No. 115 at 6.)  After plaintiff was knocked down, Holly saw Sprague hit and kick plaintiff.  Woodard, standing nearby, attempted to pull Sprague off.  Meanwhile, Holly saw inmate Carroll stand up, go behind the stairway, and walk up to Woodard, and began making striking motions at him.  Holly saw defendant Her "walk up and spray[] all the inmates."  (Id.)  Holly then saw Woodard "jerking on [Sprague's] shirt while [Carroll] kept swinging at Woodard."  (Id.)  "By then[,] [defendant] Solorzano was approaching and then he slipped and fell.  He got up and began spraying only Woodard who was still pulling at [Sprague], and [plaintiff] who was laying flat out on the floor."  (Id.)  Holly "next

---

[1]  "Pirate" was identified as Sprague at the preliminary hearing.  (RT 5.)  Carroll's first name is "John," thus the nickname, "J.C."

1   saw [Carroll] hit Woodard again causing Woodard to run and then [Carroll] got down on his

2   knees over [plaintiff] and began to strike at [plaintiff's] back in a manner of cutting him." (Dkt.

3   No. 115 at 6-7.)  Holly declared that defendant Solorzano "did not once turn the spray on

4   [Carroll] while [Carroll] was down on his knees cutting [plaintiff], and [defendant] Her had

5   walked to the other side of the stairway alone while looking at [Carroll] cutting [plaintiff] and it

6   was plain to see that both [plaintiff] and Woodard [were] bleeding severely." (Dkt. No. 115 at

7   7.)  Holly "next looked up to the tower to see if C/O Ariola was going to shoot his block gun or

8   do something.  When [Holly] spotted [Ariola] he was near the control booth without a weapon in

9   his hand even though the alarm system had been initiated well within a one minute period after

10  [plaintiff] had been knocked down." (Id.)  Holly "next saw [Carroll] running and [defendant]

11  Solorzano chasing him towards cells 111 and 110." (Id.)

12          5.  It is undisputed that inmate Michael Soares witnessed plaintiff being hit and

13  knocked down by inmate Sprague, while inmate Soares was in a sitting position on the floor,

14  following the guards' command for all inmates to get down.  At a preliminary hearing,[2] inmate

15  Soares testified that plaintiff fell to the ground after two punches by inmate Sprague, inmate

16  Woodard attempted to pull Sprague off plaintiff, inmate Carroll jumped in and made slicing

17  motions cutting Woodard's arm, Woodard ran off, and inmate Carroll then went toward plaintiff

18  and made slicing motions on plaintiff's back while plaintiff was on the ground.  (RT 6-9.)

19  Inmate Soares further testified that after Carroll made slicing movements as to plaintiff, while

20  plaintiff was on the ground, then defendant Solorzano came running with the pepper spray,

21  sprayed "the inmates," and "they stopped fighting." (RT at 9.)  However, inmate Soares did not

22  mention defendant Her in Soares' testimony.  (RT 2-34.)  Plaintiff contends that Soares'

23

24          [2] On January 26, 2009, a preliminary hearing was held in People v. Carroll and Sprague,
    Case No. FCR256079 and FCR 256080 (Solano County Superior Court), for criminal charges
25  brought against inmates Carroll and Sprague for their roles in the March 10, 2008 incident at
    issue herein.  The January 26, 2009 Reporter's Transcript of Preliminary Hearing was lodged on
26  June 6, 2011, and references to "RT" are to that transcript.

testimony contradicts defendants' sworn statements that plaintiff was standing and fighting white inmates when plaintiff was pepper-sprayed by defendants Her and Solorzano.  (Dkt. No. 169 at 6.)  Plaintiff is unaware whether Soares would testify voluntarily, but in the event he is not willing, plaintiff appears ready and able to issue a subpoena for Soares' attendance at trial.  (Dkt. No. 169 at 11.)

Plaintiff and his family have attempted to locate Michael Soares, who has been released on parole.  (Dkt. No. 173.)  On August 30, 2012, plaintiff filed a declaration by Louis A. Stearns, Jr., attorney for plaintiff's sister, who attempted to contact Mr. Soares' parole agent. (Dkt. No. 173 at 3-4.)  Despite Mr. Stearns' repeated telephone messages to Mr. Soares' parole officer, none of those phone calls were returned.  (Dkt. No. 173 at 3-4.)

Given that Mr. Soares not only witnessed the incident at issue here, but also later testified about the events at the perpetrators' preliminary hearing, Mr. Soares appears to be a key witness for plaintiff.  In addition, it may be that if Mr. Soares can be located, his testimony might alleviate the need to call some of the other incarcerated inmates plaintiff has named, particularly if any of their testimony will be cumulative or duplicative.  The court is aware of the expense required to transport and guard incarcerated witnesses.  Moreover, Mr. Stearnes' declaration reflects that Mr. Soares is on parole, and that his parole agent is Jeno Veltri, 612 Carlson Avenue, Stockton, California, (209) 948-7652, extension 284.  (Dkt. No. 173 at 3.)  It may be that the Office of the Attorney General has access to parolee's addresses, or that the address can be obtained from the California Department of Corrections and Rehabilitation.  For all of these reasons, and in the interest of judicial economy, the court asks Deputy Attorney General Phillip L. Arthur to assist the court in obtaining an address for Michael Soares.

////

////

////

////

4

1        Accordingly, IT IS HEREBY ORDERED that within twenty-one days from the

2 date of this order, counsel for defendants shall notify the court whether he can obtain the current

3 address of Michael Soares and, if so, provide the address to the court.

4 DATED:  September 20, 2012

5

6

7 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

8 carr0926.wit

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26