IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR CARR,

      Plaintiff,                  No. 2:09-cv-0826 GEB KJN P

   vs.

H. HER, and A.V. SOLORZANO,

      Defendants.          ORDER

                             /

        Plaintiff is a state prisoner proceeding without counsel.  This civil rights action is set for trial confirmation hearing on January 11, 2013.  Plaintiff filed multiple motions, which the court addresses seriatim.

        Plaintiff requested the appointment of counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

1

Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court does not find that exceptional circumstances warrant the appointment of counsel at this time. Thus, plaintiff's motions are denied.

On August 1, 2012, plaintiff filed an application for leave to file a memorandum of points and authorities in excess of twenty-five pages. (Dkt. No. 162.) However, in the text of this filing, plaintiff stated he has accumulated over 300 pages of discovery, that the evidence exceeds the statutory 25 pages, and requested "leave of court to file his evidence." (Id.) At this time, the parties have filed their pretrial statements, and no further "points and authorities" or memoranda are required. Plaintiff is advised that he presents his evidence at trial; to the extent plaintiff seeks to admit as exhibits those portions of discovery responses that are relevant to his claims at trial, the pretrial order will provide a deadline by which the parties exchange those exhibits prior to trial, and plaintiff will bring his set of exhibits with him to trial. Thus, plaintiff need not submit such "evidence" to the court prior to trial. Plaintiff's application is denied.

On August 1, 2012, plaintiff filed a motion for attendance of inmate witnesses at trial. Plaintiff seeks to call Kevin Green, Leslie Jones, Terrell Woodard, and Joel Holly.

First, of these four currently incarcerated witnesses, inmate Jones failed to provide specific information as to what he saw or heard. While he expressed a willingness to testify voluntarily, he also expressed a concern that testifying might cause him to be delayed in return to his present place of incarceration. (Dkt. No. 53 at 2.) Jones asked the court to order defendants to immediately return Jones to his original housing institution and not bus him from institution to institution as punishment for his testimony. (Id.)

Plaintiff has three other inmate witnesses willing to testify who did not make similar requests. Moreover, the court does not have authority to order corrections officers to transport incarcerated witnesses in a particular fashion. The transportation of inmates is complicated and best left to prison officials. Neither inmate Jones nor plaintiff provided the nature of Jones' testimony. Finally, because plaintiff has other witnesses to testify as to the events at issue, inmate Jones' testimony is likely cumulative or duplicative of the other witnesses. For all of these reasons, the court finds that plaintiff failed to demonstrate that the testimony of inmate Jones is necessary, and denies plaintiff's request to have inmate Jones serve as a witness.

Second, inmate Woodard was involved in the March 10, 2008 altercation, and inmates Green, Woodard, and Holly have provided declarations as to their specific eyewitness testimony concerning the events of March 10, 2008. (Dkt. Nos. 51 & 117-1 at 15-16, 20-21 & 140-41.) Thus, plaintiff's motion to call inmates Green, Woodard, and Holly is granted.

On September 13, 2012, plaintiff filed a motion for extension of time, but failed to indicate what deadline he sought to extend. (Dkt. No. 180.) At present, there are no deadlines pending for plaintiff to extend. Therefore, plaintiff's motion is denied.

On September 28, 2012, plaintiff filed a motion to strike defendants' pretrial statement because in the undisputed facts portion of their statement, defendants claim defendant Solorzano used his pepper spray on inmate Carroll when defendant Solorzano initially arrived at the altercation. (Dkt. No. 183 at 1.) Plaintiff claimed this statement is "scandalous, immaterial, and in direct contrast to" the declarations submitted by defendant Solorzano and Officer Ariola in support of the motion for summary judgment. (Id.)

Plaintiff's disagreement with a fact claimed undisputed by defendants does not warrant striking defendants' pretrial statement. Thus, plaintiff's motion to strike is denied. However, plaintiff's motion makes clear that plaintiff disputes this fact; thus, the court will not include this fact as undisputed in the pretrial order.

On October 25, 2012, plaintiff filed a request, styled as a motion for reconsideration, concerning the court's holding of the pretrial conference on the papers under Local Rule 282. (Dkt. No. 188.) While not entirely clear, it appears plaintiff is concerned that he cannot obtain forms for voir dire or jury instructions prior to trial. Plaintiff also stated that he presumed the court would conduct voir dire. Plaintiff is correct that the court will conduct voir dire. However, the trial judge may allow plaintiff and defendants' counsel to propose additional questions to the proposed jurors. The court does not have forms for such questions.

With regard to proposed jury instructions, plaintiff is advised that the Ninth Circuit Court of Appeals provides model jury instructions on their public website: http://www3.ce9.uscourts.gov/web/sdocuments.nsf/civ. Plaintiff or his family may obtain proposed jury instructions therefrom by clicking on the arrow to the left of the number on the index and selecting from the displayed list the jury instruction plaintiff wishes to propose. In light of the above, plaintiff's request is partially granted.

On October 31, 2012, plaintiff filed an application to reopen discovery so that plaintiff could propound discovery requests as to defendants' financial worth to support plaintiff's request for punitive damages. Defendants oppose plaintiff's motion because it is untimely, and argue that the information plaintiff seeks is privileged.

As noted by defendants, under the court's September 29, 2010 revised scheduling order, discovery closed on January 21, 2011. Thus, plaintiff's request is untimely and is denied. However, if the district court does not bifurcate the issue of punitive damages, plaintiff may inquire of defendants' financial worth at trial during plaintiff's examination of defendants. If the district court bifurcates the issue of punitive damages, and plaintiff prevails at trial on liability, plaintiff may inquire of defendants' financial worth during the punitive damages phase of trial.

On November 1, 2012, plaintiff filed a motion for extension of time to prepare for the "previously-ordered September 10, 2012 pretrial conference." (Dkt. No. 190 at 2.) However, plaintiff has filed his pretrial statement, declaration, and other documents necessary to prepare

the pretrial order. No further filings are required at this time. Therefore, plaintiff's motion is denied.

On November 7, 2012, plaintiff filed a document styled, "Application for Leave of Court/Motion to Amend Declaration in Support." (Dkt. No. 192.) Plaintiff stated that he has now located documents he previously stated were missing, and asked the court to include these as plaintiff's exhibits for trial. Plaintiff's request is granted, and the court will consider plaintiff's November 7, 2012 filing in preparation of the pretrial order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for the appointment of counsel (dkt. nos. 157 at 2; 159 & 170) are denied;

2. Plaintiff's application (dkt. no. 162) is denied;

3. Plaintiff's motion for attendance of witnesses (dkt. no. 163) is partially granted; plaintiff may call inmates Green, Woodard, and Holly as witnesses, but his request to call inmate Jones is denied;

4. Plaintiff's motion for extension of time (dkt. no. 180) is denied;

5. Plaintiff's motion to strike defendants' pretrial statement (dkt. no. 183) is denied;

6. Plaintiff's October 25, 2012 motion (dkt. no. 188) is partially granted;

7. Plaintiff's motion to reopen discovery (dkt. no. 189) is denied;

8. Plaintiff's motion for extension of time (dkt. no. 190) is denied; and

9. Plaintiff's November 7, 2012 motion (dkt. no. 192) is partially granted.

DATED: November 19, 2012

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

carr0826.31+